## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Rusty Charles Snodgrass,<br><br>                Plaintiff,<br>v.<br><br>Commercial Recovery Systems, Marcus Lee, Robert Marano, and Andrew Steele<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"); the Iowa Debt Collection Practices Act, Iowa Code Section 537.7101 et seq, ("Iowa Act"),  and the violation of Plaintiff's right to privacy in Defendants' efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions complained of occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.    Plaintiff, Rusty Snodgrass, is a natural person who resides in the City of Des Moines, County of Polk, State of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and a debtor as that term is defined by Iowa Code Section 537.7102(6).

-1-

5.    Defendant, Commercial Recovery Systems, (hereinafter "Defendant CRS") is a Texas corporation and a collection agency operating from an address of 8035 E.R.L. Thornton, Suite 220, Dallas, Texas 75228 and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Iowa Code Section 537.7102(5).

6.    Defendant Andrew Steele (hereinafter "Defendant Steele") is a natural person employed by Defendant CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Iowa Code Section 537.7102 (5).

7.    Defendant Marcus Lee (hereinafter "Defendant Lee") is a natural person employed by Defendant CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Iowa Code Section 537.7102(5).

8.    Defendant Robert Marano (hereinafter "Defendant Marano") is a natural person employed by Defendant CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Iowa Code Section 537.7102(5).

## FACTUAL ALLEGATIONS

9.    In 2007 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes. The obligation went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and Iowa Code Section 537.7102(3).

10.   A debt collector, identifying himself only as "Anthony" and an employee of CRS calling on behalf of Marine One, contacted Plaintiff in 2008 attempting to collect a debt of $9,750.00.

11.   Plaintiff requested documents to verify the debt owed.

12.   "Anthony" stated CRS was not required to provide documentation and that it would be pursuing any and all avenues allowed by law to collect the debt.

13.   In the fall of 2008 "Anthony" again called Plaintiff attempting to collect the debt. Plaintiff again requested documentation verifying the debt owed.

14.   "Anthony" told Plaintiff the debt had to be paid immediately and that if he didn't agree to an immediate settlement offer the offer would be withdrawn.

15.   By correspondence on the letterhead of Commercial Recovery Systems, Inc. dated August 26, 2008, Defendant CRS mailed a collection letter to Plaintiff demanding payment of a debt in the amount of $9772.85 due Marine One Acceptance.

16.   On or about September 25, 2008, Plaintiff sent a certified letter to CRS disputing the debt and again requesting documentation and verification of the debt owed.

17.   In late 2008 "Anthony" contacted Plaintiff at his place of employment attempting to collect the debt.

18.   "Anthony" stated payment in full was required or Plaintiff would "face the consequences."

19.   Plaintiff requested that no phone calls to his place of employment be made.

20.   "Anthony" stated it was legal to contact the Plaintiff by "any means necessary" because he had a right to collect the debt however he chose, including garnishing Plaintiff's wages or putting a lien on Plaintiff's house or any other assets until the debt was paid in full.

21.   Plaintiff told "Anthony" he was at work and very busy and could no longer talk to him at his place of employment.

22. Following this phone call, Plaintiff began receiving regular phone calls from "Anthony" at his place of employment. During one such phone call, "Anthony" told Plaintiff he needed to "start acting like a man" and start taking responsibility for his actions.

23. In the spring of 2009, Plaintiff received a phone call from Defendant Lee stating he was a "CRS Enforcer."

24. Defendant Lee requested immediate payment of $872.00, alleging there had been bank fraud committed and that criminal charges could be filed. Defendant Lee offered Plaintiff a payment plan of $50 to $75 per month until the debt was paid in full.

25. Defendant Lee stated that if the Plaintiff did not pay his debt to CRS he could be jailed for evading the payment of taxes on funds owed.

26. Plaintiff again asked Defendant Lee to provide documentation verifying the amount owed. Defendant Lee replied that he was not required to provide any documentation.

27. On June 12, 2009, Mike Vander Linden, a customer service agent and coworker of Plaintiff, received a call from Defendant Lee stating that he wanted to speak with Fred Anderson, the Plaintiff's regional manager.

28. Defendant Lee stated he needed to speak with Fred Anderson regarding an arrest warrant issued for the Plaintiff on charges of bank fraud.

29. Defendant Lee said the arrest warrant was issued at 1:00pm. Mr. Vander Linden was led to believe by Defendant Lee that he was with law enforcement.

30.    Mr. Vander Linden made a note of the call and forwarded the message to Fred Anderson.

31.    Later that day, Fred Anderson returned the call to Defendant Lee while the Plaintiff was in his office and listening to the conversation on speakerphone.

32.    Defendant Lee said he was calling Fred Anderson to "let you know what kind of person is working for your company."

33.    Defendant Lee stated that if the debt was not paid the Plaintiff would be charged with bank fraud and an arrest warrant would be served.

34.    As a result of this June 12th conversation with Defendant Lee and the disclosure of his private financial matters to unauthorized parties, Plaintiff suffered embarrassing jokes and pranks from coworkers. This call on this occasion from Defendant Lee to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f, provisions of the Iowa Act, Section 537.7103, and an invasion of Plaintiff's right to privacy.

35.    On July 20, 2009, Fred Anderson went to Plaintiff's office and stated that Defendant Lee had called again on behalf of CRS and was asking multiple questions about the Plaintiff and matters related to serving him with "papers."

36.    This call on this occasion from Defendant Lee to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA,

including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f; provisions of the

Iowa Act, Section 537.7103, and an invasion of Plaintiff's right to privacy.

37.   On November 9, 2009, Plaintiff received a call at work from Defendant Steele, who

identified himself as "calling on behalf of Marine One."

38.   Plaintiff immediately placed the call on speakerphone in the presence of a co-worker,

Rick Cook.

39.   Plaintiff stated he had requested numerous times for employees of CRS to cease

communication with him at his place of employment.

40.   Defendant Steele replied in a very loud and aggressive voice that the Plaintiff was a

"liar" for telling CRS that he had retained an attorney to represent him with respect to

fair debt collection violations.

41.   Plaintiff told Defendant Steele that he had asked numerous times that documents be sent

to his home address verifying the debt owed.

42.   Defendant Steele asked for Plaintiff's business fax number and stated this was "the only

way" he was going to provide the requested documents to Plaintiff.

43.   Plaintiff refused to provide his business fax number but again requested that verification

of the debt be sent to his home address. Defendant Steele refused to provide the

requested documents.

44.   Plaintiff was extremely shaken by the phone call with his hands visibly shaking. Plaintiff

nervously explained to Defendant Steele that he had important deadlines at his work that

needed to be met.

45.   Defendant Steele laughed at Plaintiff and told him to "stop stuttering."

46.   Plaintiff said he was not stuttering and requested that Defendant Steele stop "making fun of me."

47.   Rick Cook then identified himself to Defendant Steele but Defendant Steele replied that he didn't care who was listening and asked Plaintiff if CRS needed "to handle this matter legally."

48.   Plaintiff responded that payment would not be made until he had received documentation verifying the debt.

49.   This call on this occasion from Defendant Steele to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f; provisions of the Iowa Act, Section 537.7103, and an invasion of Plaintiff's right to privacy.

50.   On November 19, 2009, Plaintiff received a call from Defendant Marano stating Plaintiff needed to call him because Defendant Marano had something for Plaintiff in his office.

51.   This call on this occasion from Defendant Marano to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f and provisions of the Iowa Act, Section 537.7103.

52.   On November 21, 2009 Plaintiff received a call from Defendant Marano stating it was imperative that Plaintiff call him before noon.

53.  This call on this occasion from Defendant Lee to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f and provisions of the Iowa Act, Section 537.7103.

54.  On November 23, 2009 Plaintiff received a call from Defendant Marano that had been transferred to Plaintiff from a co-worker. Defendant Marano asked Plaintiff when he was going to pay the debt. Plaintiff again asked Defendant Marano to stop calling him at work and stated that the phone call was on a speakerphone. Defendant Marano stated this was good since it meant there were now witnesses to Plaintiff's debt condition.

55.  This call on this occasion from Defendant Marano to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f; provisions of the Iowa Act, Section 537.7103, and an invasion of Plaintiff's right to privacy.

56.  On November 24, 2009 Plaintiff received a call from Defendant Marano stating Plaintiff needed to call him to "rectify this matter."

57.  This call on this occasion from Defendant Marano to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f and provisions of the Iowa Act, Section 537.7103.

58.  On November 27, 2009 Defendant Marano called Plaintiff at his place of employment and told Plaintiff he needed to settle the debt. Plaintiff stated he was at work and had

requested that calls not be made to him while at work. Plaintiff also requested that he be sent the documents he had requested previously verifying the debt.

59.   This call on this occasion from Defendant Marano to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f and provisions of the Iowa Act, Section 537.7103.

60.   On November 27, 2009 Defendant Marano called Plaintiff stating that the debt needed to be paid that day or it would be turned over to his attorney. Plaintiff said that Defendant Marano should do that because he was tired of the harassing phone calls. Plaintiff repeated his requests not to be called at work and for verification of the debt.

61.   Defendant Marano became belligerent and continued to interrupt Plaintiff when he attempted to talk. Plaintiff's girlfriend Lana Watson was listening to the phone call on speakerphone and told Defendant Marano that he should listen to what Plaintiff was attempting to say rather than continually interrupting him.

62.   This call on this occasion from Defendant Marano to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, and 1692f and provisions of the Iowa Act, Section 537.7103.

### *Respondeat Superior Liability*

63.   The acts and omissions of Defendants Marano, Steele and Lee and the other debt collectors employed as agents by Defendant CRS and who communicated with Plaintiff

were committed within the time and space limits of their agency relationship with their principal, Defendant CRS.

64.   The acts and omissions by Defendants Lee, Steele,and Marano and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CRS in collecting consumer debts.

65.   By committing these acts and omissions against Plaintiff, Defendants Lee, Steele and Marano and these other debt collectors were motivated to benefit their principal, Defendant CRS.

66.   Defendant CRS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendants and its collection employees, including but not limited to violations of the FDCPA and the Iowa Act, in their attempts to collect this debt from Plaintiff.

### *Summary*

67.   The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the Iowa Act, including but not limited to all of the above-mentioned provisions of the FDCPA and the Iowa Act.

68.   The above detailed conduct by Defendants was an unreasonable and offensive invasion of Plaintiff's privacy.

69.   The Defendants violated 15 U.S.C. §1692(g) by failing to provide verification of the debt and continuing its debt collection efforts after the Plaintiff had disputed the debt in

writing within thirty days of receiving notice of the 15 U.S.C. §1692g debt validation rights.

70.    Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, mental anguish, emotional distress, fear, frustration, inconvenience, humiliation, and embarrassment, among other negative emotions.

## TRIAL BY JURY

71.    Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

72.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.    The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

74.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable

attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.

## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT

## IOWA CODE SECTION 537.7101

75.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76.    The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the Iowa Act, including, but

not limited to, each and every one of the above-cited provisions of the Iowa Act, Iowa Code Section 537.7101 et seq.

77.    As a result of each and every Defendant's violations of the state act, Plaintiff is entitled to actual damages pursuant to Iowa Code Section 537.5201; statutory damages in an amount up to $1,000.00 pursuant to Iowa Code Section 537.5201; and, reasonable attorney's fees and costs pursuant to Iowa Code Section 537.5201 from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT II.

## VIOLATIONS OF THE IOWA FAIR DEBT COLLECTION PRACTICES ACT

## IOWA CODE SECTION 537. 7101 et seq.

- for an award of actual damages pursuant to Iowa Code Section 537. 5201 against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Iowa Code Section 537.5201 against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Iowa Code Section 537.5201 against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III

## VIOLATON OF PRIVACY

78.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79.   The foregoing acts and omissions of each and every Defendant constitute multiple unreasonable and offensive violations of Plaintiff's right to privacy. Plaintiff has suffered therefrom mental anguish, humiliation, embarrassment and inconvenience.

80.   As a result of each and every Defendant's violation of Plaintiff's right to privacy, Plaintiff demands judgment against Defendants in a reasonable amount for actual and exemplary damages adequate to compensate for Plaintiff's injuries, together with interest as provided by law and the costs of this action.

## PRAYER FOR RELIEF

## COUNT III

## VIOLATON OF PRIVACY

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual and exemplary damages against each and every Defendant and for Plaintiff;

- for an award of costs of litigation against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: <u>June 8, 2010</u>

<u>*/s/ Nancy L. Thompson*</u>
Nancy L. Thompson,
Attorney I.D.#AT0007816
309 Court Avenue Suite 217
Des Moines, IA 50309
Telephone:  (515) 875-4850
Facsimile: (515) 875-4851
<u>nthompson@thompsonlawoffice.net</u>
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Iowa )
) ss
COUNTY OF Polk )

Plaintiff Rusty Charles Snodgrass, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Rusty Charles Snodgrass_
Rusty Charles Snodgrass

Subscribed and sworn to before me
this 7th day of June 2010.

_Notary Public_

SARAH ZYBARTH
Commission Number 719186
My Commission Expires
October 22, 2011